# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
## CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20930187 | D1 FX | 41289855 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

ALPHONSO MCPHERSON
VS
VILLAGE OF OAKWOOD, ET AL

PLAINTIFF

DEFENDANT

VILLAGE OF OAKWOOD
24800 BROADWAY AVENUE
OAKWOOD VILLAGE OH 44146

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

DAVID G PHILLIPS
4403 ST. CLAIR AVENUE

CLEVELAND, OH 44103-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

ROBERT C MCCLELLAND
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Mar 2, 2020 | By _Anita Rivera_ |

Deputy

COMPLAINT FILED 02/28/2020



CMSN130

Exhibit A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
February 28, 2020 12:51

By: DAVID G. PHILLIPS 0046827

Confirmation Nbr. 1955762

ALPHONSO MCPHERSON                          CV 20 930187

vs.

VILLAGE OF OAKWOOD, ET AL            Judge: ROBERT C. MCCLELLAND

Pages Filed: 11

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ALPHONSO MCPHERSON<br>7306 Wright Avenue<br>Oakwood Village, Ohio 44146<br><br>Plaintiff,<br><br>vs.<br><br>VILLAGE OF OAKWOOD<br>24800 Broadway Avenue<br>Oakwood Village, Ohio 44146<br><br>and<br><br>SGT. CAMERON REED<br>c/o Village of Oakwood Police Department<br>24800 Broadway Avenue<br>Oakwood Village, Ohio 44146,<br><br>and<br><br>PTLM. JUSTIN HERRERA<br>c/o Village of Oakwood Police Department<br>24800 Broadway Avenue<br>Oakwood Village, Ohio 44146,<br><br>and<br><br>PTLM. GREGORY LINDSEY<br>c/o Village of Oakwood Police Department<br>24800 Broadway Avenue<br>Oakwood Village, Ohio 44146,<br><br>and | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

PTLM. ANTOINE STONE )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
    and )
)
SGT. KENNETH WILLNER )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
    and )
)
DET. EDWARD THYRET )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
    and )
)
CAPT. JOHN FREEMAN )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
    and )
)
CHIEF MARK GARRATT )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
    and )
)
VILLAGE OF OAKWOOD )
 JOHN DOE NOS. 1-4 )
c/o Village of Oakwood Police Department )
24800 Broadway Avenue )
Oakwood Village, Ohio 44146, )
)
)
    Defendants. )

    Plaintiff Alphonso McPherson, by and through his undersigned counsel, hereby presents his Complaint against Defendants and states as follows:

## INTRODUCTORY STATEMENTS

    1. This is an action for damages by Plaintiff against individuals employed in the Village

2

of Oakwood's Police Department, its Chief, and the Village's Police Department through the Village of Oakwood. This is an action for damages sustained by Plaintiff, a citizen of the United States, against officers, supervisors, the Chief, and the Village of Oakwood and its Police Department for the unlawful use of excessive and unreasonable force against him, and for conspiring in the use of their positions and offices for permitting, condoning, and/or ratifying use of such conduct.

2. This is also an action against Defendants for failing to intervene to stop the use of excessive and unreasonable force against Plaintiff, and for failing to conduct a meaningful investigation into the complaints of Plaintiff that excessive and unreasonable force was used against him.

3. This is also an action against several Defendants of the Village of Oakwood's Police Department, and the Department's Chief, as supervisory individuals responsible for the conduct of the other Defendants with respect to Plaintiff's claims that excessive and unreasonable force was used against him.

4. This is also an action against the Village of Oakwood, which employed the Defendant officers, supervisors, and Chief for its policy related to the conduct in the use of excessive and unreasonable force against Plaintiff, and for permitting, condoning, and/or ratifying use of such conduct, and the use of their positions and office to conspire against Plaintiff.

5. This is also an action against several unknown individuals who may have also acted in concert with the named Defendants and/or acted in supervising the named Defendants in the Village of Oakwood's Police Department related to the above referenced claims.

6. This is also an action seeking damages by Plaintiff against some of the named Defendants for any state law claims associated with the above referenced claims including, but not limited to, an action for damages by Plaintiff for his state law claims associated with assault and battery.

## PARTIES

7. Plaintiff Alphonso McPherson is an individual who, at all times relevant to the allegations raised in this Complaint, was a resident of Cuyahoga County, the State of Ohio and citizen of the United States. Plaintiff resides within this Court's jurisdiction, and all events alleged in this Complaint took place within Cuyahoga County, Ohio.

8. At all times relevant hereto, Defendants Reed, Herrera, Lindsey, Stone, Willner, Thyret, Freeman, and John Doe Nos 1-4 were employed as either officers, and/or supervisors of the Village of Oakwood's Police Department. Plaintiff sues these Defendants individually and in their official capacities. These Defendants will be referred to collectively herein as the "Defendant Officers." Defendants John Does Nos 1-4 are individuals whose names are currently unknown to Plaintiff, and Plaintiff sues these Defendants by the fictitious names John Doe Nos. 1-4 pursuant to Civ. R. 3(A) and 15(D). Plaintiff will amend his Complaint to their true names and capacities when and if they have been ascertained.

9. Some of the Defendants identified as Defendant Officers may have been employed as supervisory officers by the Village of Oakwood's Police Department. As such, these Defendants exercised control and/or were in charge of and responsible for the actions of the other Defendants. On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the Village of Oakwood's Police Department and for ensuring that the personnel of this Department obeyed the laws of the State of Ohio and of the United States. Plaintiff also sues these Defendants individually and in their official capacities. These Defendants will be referred to herein collectively as "Defendant Supervisors."

10. At all times relevant hereto, Defendant Garratt was employed as the Chief of the Village of Oakwood's Police Department. As such, this Defendant was in charge and in command of the Defendant Officers and the Defendant Supervisors and was responsible for their training, supervision, and conduct. Defendants Garratt was also responsible for the enforcement

4

of regulations of the Village of Oakwood's Police Department and for ensuring that the personnel of this Department obeyed the laws of the State of Ohio and of the United States. Plaintiff sues Defendant Garratt individually and in his official capacities.

11. Defendant Village of Oakwood is a political subdivision within the State of Ohio, and at all times relevant herein, it employed the Defendant Officers, Defendant Supervisors, and Defendant Garratt within its Police Department.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

13. On or about March 2, 2018, at least Defendants Herrera and Reed responded to a call of reported domestic violence at 7306 Wright Avenue, a residence in the Village of Oakwood Ohio after 3:00 a.m. These Defendants stopped their police vehicle on Wright Avenue in the southbound direction before arriving at 7306 Wright Avenue and remained in the road without any lights on their police vehicle turned on.

14. Defendants Herrera and Reed observed a vehicle traveling northbound toward their stopped, unlit police vehicle.

15. The vehicle that was traveling northbound on Wright Avenue was driven by Plaintiff.

16. The weather on March 2, 2018 resulted in snow on the roads and a snow covered Wright Avenue.

17 The stationary, unlit vehicle of Defendants Herrera and Reed was parked on the snow covered Wright Avenue as the vehicle driven by Plaintiff approached them. As the vehicle driven by Plaintiff came within a short distance to the police vehicle driven by Defendants Herrera and Reed, either Defendant Herrera or Defendant Reed operated the police vehicle's overhead lights.

18. As the vehicle driven by Plaintiff passed the stationary police vehicle, Defendants Herrera and/or Reed proceeded to fire gun shots into the vehicle driven by Plaintiff. The shots

5

fired by Defendants Herrera and/or Reed struck the vehicle driven by Plaintiff, and he was struck by at least one of the shots fired by Defendant Herrera and/or Defendant Reed.

19. Plaintiff was able to continue to drive the vehicle, and Defendants Herrera and Reed temporarily pursued.

20. Defendants Lindsey and Stone were either on the scene when shots were fired by Defendants Herrera and/or Reed or they arrived to the scene shortly thereafter.

21. Defendants Willner, Thyret, Lindsey, Stone, Herrera, and Reed were involved in the preservation and/or investigation of the shooting scene after the shooting by Defendant Herrera and/or Defendant Reed.

22. Other officers and/or supervisors of the Village of Oakwood Police Department may have been involved and/or present during the shooting of the vehicle driven by Plaintiff, and are hereby identified as Defendants John Does Nos 1-4.

23. Other officers and/or supervisors of the Village of Oakwood Police Department may have been involved and/or present during the preservation and/or investigation of the scene after the shooting by Defendant Herrera and/or Defendant Reed, and are also hereby identified as Defendants John Does Nos 1-4.

24. As a direct and proximate result of the shots fired by Defendants Herrera and/or Reed, Plaintiff sustained a gun shot wood to his shoulder – inches from his head. Said conduct of these Defendants constituted the use of excessive force upon Plaintiff.

25. On information and belief, either Defendants Lindsey, Stone or other officers and/or supervisors of the Village of Oakwood Police Department identified as John Doe Nos. 1-4 were present when shots were fired by Defendants Herrera and/or Reed and were involved and/or witnessed said conduct on the part of Defendants Herrera and/or Reed.

26. Further on information and belief Defendants Herrera, Reed, Lindsey, Stone and/or other officers and/or supervisors of the Village of Oakwood Police Department identified as John Doe Nos. 1-4 failed to prevent the use of such force upon Plaintiff. These allegations and/or

6

other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

27. Defendants Herrera, Reed, Lindsey, Stone and/or other John Doe Defendants willfully and maliciously used excessive force or participated in the use of such excessive force for no good or lawful reason.

28. For all claims set forth below against Defendants, Plaintiff alleges that at all times during the events described herein, Defendants conspired and were engaged in a joint venture and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. Defendants' conduct toward Plaintiff was engaged in for reasons that were not warranted and which were not justified or legally done within the confines of their offices.

29. For all claims set forth below, Plaintiff alleges on information and belief that Defendants' conduct described herein was consistent with an institutionalized, widespread practice, policy, or custom of the Village of Oakwood. These practices, policies, or customs were known and ratified, or should have been known by the Defendant Supervisors, Defendants Freeman, Garratt, and/or the Village of Oakwood. These allegations and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

30. For all claims set forth below, Plaintiff alleges on information and belief that Defendant Supervisors, Freeman, Garratt, and/or Village of Oakwood at no time took any effective action and/or were deliberately indifferent in preventing the personnel of the Village of Oakwood's Police Department from the use of or engaging in such conduct. This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

31. Defendant Supervisors, Freeman, Garratt, and/or the Village of Oakwood failed to adequately train and/or supervise the other Defendants in the exercise of their functions

7

including, but not limited to, the conduct described herein. Said failure to train by these Defendants was malicious, reckless, and/or done with a deliberate indifference as to the rights of Plaintiff and other similarly situated individuals.

32. Defendant Supervisors, Freeman, Garratt, and/or Village of Oakwood failed to adopt a policy or practice to prevent the other Defendants from the use of excessive and unreasonable force against Plaintiff.

33. Defendant Supervisors, Freeman, Garratt, and/or Village of Oakwood failed to meaningfully investigate the use of excessive force against Plaintiff and such failure to investigate on the part of these Defendants constitutes a policy by the ratification of said conduct.

34. The conduct of Defendants, as described herein, was malicious, intentional, reckless, and/or done with deliberate indifference as to the well known and firmly established Constitutional rights of Plaintiff.

35. The conduct of the Defendants as alleged herein was conduct which reasonable officers, supervisors, and chiefs would have known to be in violation of Plaintiff's clearly established Constitutional rights. The conduct as alleged herein was known or should have been known and/or was ratified by Defendant Village of Oakwood.

## COUNT ONE

36. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

37. The conduct as alleged herein by Defendants was outrageous, shocks the conscience, and violated Plaintiff's clearly established Constitutional rights.

38. The above alleged actions and omissions, engaged in under color of law and authority by Defendants proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his Fourth Amendment Right to be free from and protected from the use of excessive and unreasonable force and his Fourteenth Amendment right to due process and equal protection of the laws.

Electronically Filed 02/28/2020 12:51 / / CV 20 930187 / Confirmation Nbr. 1955762 / CLAJB

39. In this regard, the rules, regulations, customs, policies, procedures, and/or training of Defendants were inadequate and unreasonable and were the proximate causation resulting in the Constitutional deprivations suffered by Plaintiff.

40. Also in this regard, the conduct of the Defendant Officers, Defendant Supervisors, and/or Defendant Garratt was conduct that reasonable supervisors, chiefs, and officers would have known to be in violation of Plaintiff's clearly established Constitutional rights.

41. The conduct of Defendants as alleged herein constitutes a violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983 and other applicable law.

42. As a result of the above alleged conduct, Plaintiff sustained deprivations to his civil rights, has suffered physical and psychological injuries and will continue to suffer from physical pain, mental distress with resulting physical manifestations, for which Plaintiff is entitled to monetary relief. Plaintiff's damages are directly and proximately caused by the conduct of Defendants as alleged herein and are in excess of $25,000.

43. Due to Defendants' conduct as described herein, Plaintiff has been compelled to employ the undersigned attorney to represent him in this matter and is entitled to recover reasonable attorneys fees.

## COUNT TWO

44. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

45. The acts of Defendants, as alleged herein, and in particular the acts of Defendants Herrera and/or Reed constituted an assault and battery upon Plaintiff.

46. The aforementioned conduct of Defendants was willful, wanton, malicious, and without provocation. Alternatively, the conduct of Defendants was grossly negligent to the rights, interest, and privacy of Plaintiff and his body.

47. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff suffered severe physical and emotional injuries, fright and emotional distress and was

9

otherwise physically, emotionally, and economically damaged. Said injuries caused extreme pain and suffering in the past and will continue to cause pain and suffering in the future, and said injuries are permanent in nature.

48. As a further direct and proximate result of the aforementioned conduct, Plaintiff has been damaged in an amount **in excess of** Twenty-Five Thousand Dollars.

### COUNT THREE

49. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

50. Defendants owed a duty to Plaintiff to refrain from intentional and/or negligent injury to Plaintiff.

51. Defendants breached their duty to Plaintiff based on the conduct as alleged herein and proximately caused injury to Plaintiff in the form of mental anguish, loss of self-esteem, harm to Plaintiff's relationship with his family and friends, and other emotional distress with physical injury in form of adverse health affects. Said injuries caused extreme pain and suffering in the past and will likely continue to cause pain and suffering in the future.

52. Defendants' conduct as alleged herein was outrageous and proximately caused damage to Plaintiff arising from their intentional and/or negligent infliction of serious emotional distress upon him.

53. Defendant's conduct as described herein was willful, malicious, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights. Alternatively, Defendant's conduct as described herein was negligent and/or reckless.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount **in excess of** Twenty-Five Thousand Dollars.

WHEREFORE, Plaintiff Alphonso McPherson demands Judgment against Defendants, jointly and severally, in an amount that will fully, fairly, and completely compensate him pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein

10

Electronically Filed 02/28/2020 12:51 / / CV 20 930187 / Confirmation Nbr. 1955762 / CLAJB

together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just and which Plaintiff may be entitled under the law. Plaintiff further prays for the Court to issue its Order to enjoin Defendants from conduct as alleged herein.

Respectfully submitted,

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS (0046827)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 531-0123
fax (216) 881-3928
email: d.g.phillips@sbcglobal.net
      civilrightslaw@sbcglobal.net
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

/s/ David G. Phillips
DAVID G. PHILLIPS
Attorney for Plaintiff

11